**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------X
JINO KURIAKOSE, Individually and On       :
behalf of All Others Similarly Situated,
                                          :
                <u>Plaintiff</u>,
                                          :
     -against-                                    1:08-cv-7281 (JFK)
                                          :
                                                  <u>**Memorandum Opinion**</u>
FEDERAL HOME LOAN MORTGAGE COMPANY,       :            <u>**& Order**</u>
RICHARD SYRON, PATRICIA L. COOK,
and ANTHONY S. PISZEL,                    :

                <u>Defendants</u>,         :

                                          :
FEDERAL HOUSING FINANCE AGENCY,
                                          :
                <u>Intervenor</u>.
-------------------------------------X
**JOHN F. KEENAN, United States District Judge:**

The Federal Housing Finance Agency ("FHFA" or the "Agency"), as conservator for defendant Federal Home Loan Mortgage Company ("Freddie Mac"), requests clarification of the Court's Memorandum Opinion and Order dated February 6, 2009 (the "Order"), staying these proceedings for 45 days until March 23, 2009, but denying the FHFA's request for a stay exceeding 45 days. Specifically, the FHFA asks for clarification that the Order did not interpret the Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C. § 4511 <u>et seq.</u>, to strip the Court of its inherent authority to issue subsequent, discretionary stays under appropriate circumstances upon the future request of the FHFA. Insofar as the Order did interpret HERA to so limit the

Court's authority, the FHFA moves for reconsideration and, if necessary, leave to file an interlocutory appeal.

Paragraph (b)(10) of HERA is titled "Suspension of Legal Actions" and provides that

> (A) In general
>
> > After the appointment of a conservator or receiver for a regulated entity, the conservator or receiver may, in any judicial action or proceeding to which such regulated entity is or becomes a party, request a stay for a period not to exceed--
> >
> > > (i) 45 days, in the case of any conservator; and
> > >
> > > (ii) 90 days, in the case of any receiver.
>
> (B) Grant of stay by all courts required
>
> > Upon receipt of a request by the conservator or receiver under subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

12 U.S.C. § 4617(b)(10). The next paragraph sets forth the Agency's "additional rights and duties" with respect to litigation, in its capacity as conservator or receiver of a regulated entity (i.e., Freddie Mac). 12 U.S.C § 4617(b)(11). Among the rights listed are "all of the rights and remedies available to the regulated entity (before the appointment of

such conservator or receiver) and the Agency." Id. § 4617(b)(11)(B)(i).

The Court interprets these provisions to mean that, upon its appointment as conservator for Freddie Mac, the Agency may seek an initial suspension of the action by requesting a stay not to exceed 45 days, and the Court must grant such a request. Thereafter, the Agency enjoys all rights that Freddie Mac would enjoy in the litigation. This includes the right to request that the Court exercise its inherent authority to issue further, discretionary stays under appropriate circumstances.

To the extent that the Order suggested a different interpretation, it is hereby clarified. Because the Court has granted the clarification sought by the FHFA, the FHFA's contingent motions for reconsideration and leave to file an interlocutory appeal are moot. The matter remains stayed until March 23, 2009.

SO ORDERED.

Dated: New York, New York
       March 18, 2009

                                                JOHN F. KEENAN
                                      United States District Judge